McKiNNEY, J.,
delivered the opinion of the court.
This was a scire facias to recover the penalty of one hundred and twenty-five dollars, given by the act of 1194, for the failure of Smith to appear as a witness, summoned on behalf of the plaintiff, in a suit pending in the circuit court of Bedford, Knott vs. Miller. The defendant demurred to the scire facias, and the demurrer was sustained.
Several objections are made to the sufficiency of the scire facias, the principal of which is, that it does not show that the subpoena was served on the witness five days before the commencement of the term to which it was returnable.
By the established course of decision of this court, great strictness is required in the proceeding to subject a witness to the penalty of the statute: and experience demonstrates that it is highly proper that it should be so. Were it otherwise, it is to be feared that, sometimes the matter in controversy between the parties *246 might be lost sight of, or become an object of less interest than to secure forfeitures against witnesses by one artifice or other. The statute is extremely stringent. In addition to the penalty, it makes the witness in default subject to an action in favor of the party, “for the full damages which may be sustained for want of such witness’ testimony.” This right to recover damages commensurate with the injury sustained, furnishes another reason for a high degree of strictness in the proceeding to recover the penalty.
The scire facias, in the present case, pursues the judgment nisi. The statement in relation to the service of the subpoena is, “that said subpoena was returned into the clerk’s office, endorsed, executed on Morgan Smith the same da/y came to hand.” Jas. M. Johnson, Shff.; and which, according to another endorsement of the said Jas. M. Johnson, Shff, “ came to hand when issued.” The subpoena was issued, as we learn from another averment, on the 27th of November, 1852, returnable to the ensuing term of the court, on the first Monday of December. Taken together, the return is, “executed the same day came to hand, and came to hand when issued.” If it be admitted that this return sufficiently shows that the subpoena was served on the witness on the 27th of November, the day of its issuance; still, it no where appears in the scire facias, or in the record upon which it is founded, what day of the month the first Monday of December was. But it is said that a reference to the abnanac will ascertain this, and show that there were five entire days between the 27th of November and the return day of the subpoena. How this may be, we do not, and cannot *247 judicially know, because it is not allowable, according to tbe settled course of decision on this subject, to refer to anything extrinsic of the record upon which the scire facias is founded to aid its averments.
The judgment nisi must embody such a statement of the facts as will show directly and certainly, and not by mere inference only, the legal ground of the witness’ liability to the. penalty sought to be enforced against him. 3 Humph., 225. 11 Humph., 12. This, the judgment, as set forth in the scire facias, fails to do.
The judgment of the circuit court will be affirmed.